[Crim. No. 17213. Second Dist., Div. Four. May 15, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK PERALTA FONTES, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and John H. Darlington, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**DUNN, J.**—After a jury trial, appellant was found guilty, under count II of an information, of occupying a bar on January 7, 1969, with a book, papers and paraphernalia used for bookmaking on horses in violation of Penal Code section 337a, subdivision 2, a felony. The information contained four counts in all, including one count charging bookmaking, each based upon a subdivision of Penal Code, section 337a. One prior felony conviction was charged.[1] Proceedings were suspended; appellant was placed on probation for three years and appeals from the order. (Pen. Code, § 1237, subd. 1.) Two points are raised on this appeal.

### I. *Sufficiency Of The Evidence*

The court instructed the jury on that portion of subdivision 2 of Penal Code section 337a pertinent to the evidence as follows: "Every person who, whether for gain, hire, reward or gratuitously, keeps or occupies, for any period of time, any room, place or enclosure, of any kind, or any part thereof, with any books, papers or paraphernalia, for the purpose of recording or registering any bets or wagers, or any purported bets or wagers, upon the result or purported result of any contest or purported contest of skill, speed or power of endurance between horses or other beasts, is guilty of a crime. To constitute this offense it is not necessary, however, that any bets or wagers shall have been made."[2]

■ There was ample evidence to sustain the verdict of guilty. Appellant was seen seated in a booth at "The Burlap Bag", a bar located at 858 East Kohler in Los Angeles, by police officers very experienced in bookmaking activities. He was observed apparently receiving a bet on a horse race and, when arrested, was found to possess a current copy of a "scratch sheet," a betting "marker" and a pen. Expert testimony disclosed that the sequence of numbers recorded on the marker was typical of recording methods used by "handbook" operators; that the marker showed the recording of $2 "place" bets on parlays and that racetracks do not accept place bets of this type; that the bets recorded totaled $16 and, when arrested, appellant had

---

[1]Minutes of the court dated February 7, 1969, indicate appellant admitted the prior. However, this record is inconclusive; no further mention of the prior conviction appears.

[2]This instruction is a copy of CALJIC No. 722 (now No. 12.51, CALJIC 3d ed.)

this sum on his person; that only "bookies" use this shorthand code method; and that persons intending to bet at the races on their own account customarily mark the scratch sheet or a program and do not use a separate marker. This evidence is sufficient. (Generally, see: 2 Witkin, Cal. Crimes (1963) 561-562, § 610, and cases cited.)

## II. *Claimed Error Of The Court In Failing, Sua Sponte, To Instruct On The Meaning Of "Bet."*

In the trial court appellant took the stand and testified that, on the day of his arrest, he had planned to attend the races at Santa Anita racetrack. He was seated in a booth at the bar waiting for a friend to pick him up. He had purchased a scratch sheet and planned to make two or three parlay bets at the race track, but considered possible bets on a number of races. In doing this he did not write on the scratch sheet, but wrote on the back of a laundry slip using a "code" of his own devising which he had used for the past two years.

Appellant contends that the instruction given to the jury, quoted earlier herein, would permit his conviction even though the jury believed his testimony in its entirety, for he was "recording or registering" his own intended bets and, under the instruction, this could be found a crime. Appellant contends there is a "technical" meaning of the term "bet" as used in the statute, which means one which is laid as between two parties, whereas a "common" meaning of bet includes self-wagering on a horse at a racetrack. Appellant urges us to find that the court should have instructed the jury *sua sponte* on the "technical" meaning of the term.

We find no error. First, the words "bets or wagers" used in the context of the statute conveyed a clear meaning to the jurors who obviously understood appellant was charged with bookmaking and not with intending to bet on his own account. Second, if appellant detected some ambiguity in the instruction, it was up to appellant to request the trial court to give a special instruction on the subject. Thus, a trial court's duty is to give instructions on general principles of law and "There is no duty . . . to give instructions upon specific points developed through the evidence introduced at trial unless such instructions are requested by a party or are necessary for the jury to be fully and fairly charged upon the relevant law." *People* v. *Jackson* (1963) 59 Cal.2d 375, 380 [29 Cal.Rptr. 505, 379 P.2d 937].

Third, and perhaps most important, is the fact that the court gave to the jury another instruction, being CALJIC No. 727 (now No. 12.56), defining the term "bookmaking" as meaning "a procedure that involves the taking and receiving of bets or wagers upon the results . . . of a . . . contest of . . . speed or power of endurance of horses, and the recording

or registering of such bets or wagers . . . ." and including a statement that ". . . the term may include or mean also the keeping or occupying of any room, building or automobile wherein books or papers or devices or paraphernalia are kept for the purpose of registering or recording real or purported bets or wagers upon the results or purported results of any real or purported trial or contest of skill, speed or power of endurance, participated in by horses." With this added instruction the jury cannot have been misled, particularly since the trial court further instructed the jury that it was ". . . not to single out any certain sentence, or any individual point or instruction, and ignore the others, but you are to consider all the instructions as a whole, and are to regard each in the light of all the others."

We find no error in the instructions or in the alleged failure of the court to give a special, but unrequested, instruction.

The judgment is affirmed.

Kingsley, Acting P. J., and Irwin, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Acting Chairman of the Judicial Council.